Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 17 - 2679**

------------------------------------------------------------------X
WILFREDO ZAMORA, JOSE ANTONIO DIAS, JUAN
GARCIA, PEDRO HERNANDEZ, HENRY SOTO,
FAUSTO PRADO, EUGENIO VALERIO, and ALFONZO
VALDIVIA, individually and on behalf of all others similarly
situated,

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL
DEMANDED

**CHEN, J.**

**KUO, M.J.**

                     Plaintiffs,

-against-

HIGHBURY CONCRETE, INC., RG LABOR SERVICES,
INC., THE LAURA GROUP, INC., and THOMAS
GORMAN, RICHARD GORMAN, and LAURA PHILLIPS,
as individuals,

                     Defendants.
------------------------------------------------------------------X

Plaintiffs, **WILFREDO ZAMORA, JOSE ANTONIO DIAS, JUAN GARCIA, PEDRO HERNANDEZ, HENRY SOTO, FAUSTO PRADO, EUGENIO VALERIO, and ALFONZO VALDIVIA,** individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs, **WILFREDO ZAMORA, JOSE ANTONIO DIAS, JUAN GARCIA, PEDRO HERNANDEZ, HENRY SOTO, FAUSTO PRADO, EUGENIO VALERIO, and ALFONZO VALDIVIA,** through undersigned counsel, brings this action against **HIGHBURY CONCRETE, INC., RG LABOR SERVICES, INC., THE LAURA GROUP, INC., and THOMAS GORMAN, RICHARD GORMAN,**

1

and **LAURA PHILLIPS, as individuals** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of federal and state overtime wage and minimum wage laws arising out of Plaintiffs' employment at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703.

2. Plaintiff WILFREDO ZAMORA was employed by Defendants as a carpenter and laborer while performing other miscellaneous tasks, at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703.

3. Plaintiff JOSE ANTONIO DIAS was employed by Defendants as a carpenter and laborer while performing other miscellaneous tasks, at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703.

4. Plaintiff JUAN GARCIA is was employed by Defendants as a carpenter and laborer while performing other miscellaneous tasks, at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703.

5. Plaintiff PEDRO HERNANDEZ was employed by Defendants as a carpenter and laborer while performing other miscellaneous tasks, at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703.

6. Plaintiff HENRY SOTO was employed by Defendants as a carpenter and laborer while performing other miscellaneous tasks, at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703.

7. Plaintiff FAUSTO PRADO was employed by Defendants as a carpenter and laborer while performing other miscellaneous tasks, at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703.

8. Plaintiff EUGENIO VALERIO was employed by Defendants as a carpenter and laborer while performing other miscellaneous tasks, at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703.

9. Plaintiff ALFONZO VALDIVIA was employed by Defendants as a carpenter and laborer while performing other miscellaneous tasks, at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703.

10. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

13. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

14. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

15. Plaintiff, WILFREDO ZAMORA, residing at 90-07 77th Street, Woodside, New York 11377, was employed by Defendants at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703 from in or around May 2016 until in or around September 2016.

16. Plaintiff, JOSE ANTONIO DIAS, residing at 116 Garrison Street, Newark, New Jersey, 07105, was employed by Defendants at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703 from in or around January 2014 until in or around January 2017.

17. Plaintiff, JUAN GARCIA, residing at 765 East 163rd Street, Bronx, New York 10456, was employed by Defendants at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703 from in or around September 2016 until in or around January 2017.

18. Plaintiff, PEDRO HERNANDEZ, residing at 730 East 165 Street, Bronx, New York 10456, was employed by Defendants at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703 from in or around January 2014 until in or around September 2016.

19. Plaintiff, HENRY SOTO, residing at 90-07 77th Street, Woodhaven, New York 11377, was employed by Defendants at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703 from in or around December 2015 until in or around January 2017.

20. Plaintiff, FAUSTO PRADO, residing at 830 169th Street, Bronx, New York 10459, was employed by Defendants at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703 from in or around August 2016 until in or around January 2017.

21. Plaintiff, EUGENIO VALERIO, residing at 1791 Prospect Avenue, Bronx, New York 10457, was employed by Defendants at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703 from in or around September 2016 until in or around January 2017.

22. Plaintiff, ALFONZO VALDIVIA, residing at 8747 129th Street, Jamaica, New York 11418 was employed by Defendants at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703 from in or around September 2014 until in or around January 2017.

23. Upon information and belief, Defendant, HIGHBURY CONCRETE, INC., is a corporation organized under the laws of New York with a principal executive office at 53-19 46th Street, Maspeth, New York 11378.
24. Upon information and belief, Defendant, HIGHBURY CONCRETE, INC., is a corporation authorized to do business under the laws of New York.
25. Upon information and belief, Defendant THOMAS GORMAN owns and/or operates HIGHBURY CONCRETE, INC.
26. Upon information and belief, Defendant THOMAS GORMAN manages WE ARE HIGHBURY CONCRETE, INC.
27. Upon information and belief, Defendant THOMAS GORMAN is the Chairman of the Board of HIGHBURY CONCRETE, INC.
28. Upon information and belief, Defendant THOMAS GORMAN is the Chief Executive Officer of HIGHBURY CONCRETE, INC.
29. Upon information and belief, Defendant THOMAS GORMAN is an agent of HIGHBURY CONCRETE, INC.
30. Upon information and belief, Defendant THOMAS GORMAN has power over personnel decisions at HIGHBURY CONCRETE, INC.
31. Upon information and belief, Defendant THOMAS GORMAN has power over payroll decisions at HIGHBURY CONCRETE, INC.
32. Defendant THOMAS GORMAN has the power to hire and fire employees at HIGHBURY CONCRETE, INC., establish and pay their wages, set their work schedule, and maintains their employment records.
33. During all relevant times herein, Defendant THOMAS GORMAN was Plaintiffs' employer within the meaning of the FLSA and NYLL.
34. Upon information and belief, Defendant, RB LABOR SERVICES, INC., is a corporation organized under the laws of New York with a principal executive office at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703.
35. Upon information and belief, Defendant, RB LABOR SERVICES, INC., is a corporation authorized to do business under the laws of New York.
36. Upon information and belief, Defendant RICHARD GORMAN owns and/or operates RB LABOR SERVICES, INC.

37. Upon information and belief, Defendant RICHARD GORMAN manages RB LABOR SERVICES, INC.
38. Upon information and belief, Defendant RICHARD GORMAN is the Chairman of the Board of RB LABOR SERVICES, INC.
39. Upon information and belief, Defendant RICHARD GORMAN is the Chief Executive Officer of RB LABOR SERVICES, INC.
40. Upon information and belief, Defendant RICHARD GORMAN is an agent of RB LABOR SERVICES, INC.
41. Upon information and belief, Defendant RICHARD GORMAN has power over personnel decisions at RB LABOR SERVICES, INC.
42. Upon information and belief, Defendant RICHARD GORMAN has power over payroll decisions at RB LABOR SERVICES, INC.
43. Defendant RICHARD GORMAN has the power to hire and fire employees at RB LABOR SERVICES, INC., establish and pay their wages, set their work schedule, and maintains their employment records.
44. During all relevant times herein, Defendant RICHARD GORMAN was Plaintiffs' employer within the meaning of the FLSA and NYLL.
45. Upon information and belief, Defendant, THE LAURA GROUP, INC., is a corporation organized under the laws of New York with a principal executive office at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703.
46. Upon information and belief, Defendant, THE LAURA GROUP, INC., is a corporation authorized to do business under the laws of New York.
47. Upon information and belief, Defendant LAURA PHILLIPS owns and/or operates THE LAURA GROUP, INC.
48. Upon information and belief, Defendant LAURA PHILLIPS manages THE LAURA GROUP, INC.
49. Upon information and belief, Defendant LAURA PHILLIPS is the Chairman of the Board of THE LAURA GROUP, INC.
50. Upon information and belief, Defendant LAURA PHILLIPS is the Chief Executive Officer of THE LAURA GROUP, INC.

51. Upon information and belief, Defendant LAURA PHILLIPS is an agent of THE LAURA GROUP, INC.
52. Upon information and belief, Defendant LAURA PHILLIPS has power over personnel decisions at THE LAURA GROUP, INC.
53. Upon information and belief, Defendant LAURA PHILLIPS has power over payroll decisions at THE LAURA GROUP, INC.
54. Defendant LAURA PHILLIPS has the power to hire and fire employees at THE LAURA GROUP, INC., establish and pay their wages, set their work schedule, and maintains their employment records.
55. During all relevant times herein, Defendant LAURA PHILLIPS was Plaintiffs' employer within the meaning of the FLSA and NYLL.
56. Upon information and belief, HIGHBURY CONCRETE INC., is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.
57. Upon information and belief, RG LABOR SERVICES INC., is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.
58. Upon information and belief, THE LAURA GROUP INC., is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or

produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## STATEMENT OF FACTS

59. Plaintiff, WILFREDO ZAMORA, residing at 90-07 77th Street, Woodside, New York 11377, was employed by Defendants at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703 from in or around May 2016 until in or around September 2016.

60. Plaintiff WILFREDO ZAMORA was employed by Defendants as a carpenter and laborer, while performing other miscellaneous tasks, from in or around May 2016 until in or around September 2016.

61. Plaintiff WILFREDO ZAMORA worked approximately 72 (seventy-two) hours or more per week for Defendants from in or around May 2016 until in or around September 2016.

62. Plaintiff WILFREDO ZAMORA was compensated by Defendants for only his first forty hours of work per week at a rate of approximately $1,250.00 per week from in or around May 2016 until in or around September 2016.

63. Although Plaintiff WILFREDO ZAMORA worked approximately 72 (seventy-two) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

64. Plaintiff, JOSE ANTONIO DIAS, residing at 116 Garrison Street, Newark, New Jersey, 07105, was employed by Defendants at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703 from in or around January 2014 until in or around January 2017.

65. Plaintiff JOSE ANTONIO DIAS was employed by Defendants as a carpenter and laborer, while performing other miscellaneous tasks, from in or around January 2014 to the January 2017.
66. Plaintiff JOSE ANTONIO DIAS worked approximately 72 (seventy-two) hours per week for Defendants from in or around January 2014 until in or around January 2017.
67. Plaintiff JOSE ANTONIO DIAS was paid by Defendants approximately $1,200.00 per week from in or around January 2014 until in or around January 2017.
68. Although Plaintiff JOSE ANTONIO DIAS worked approximately 72 (seventy-two) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
69. Plaintiff, JUAN GARCIA, residing at 765 East 163rd Street, Bronx, New York 10456, was employed by Defendants at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703 from in or around September 2016 until in or around January 2017.
70. Plaintiff JUAN GARCIA was employed by Defendants as a carpenter and laborer, while performing other miscellaneous tasks, from in or around September 2016 until in or around January 2017.
71. Plaintiff JUAN GARCIA worked approximately 72 (seventy-two) hours per week for Defendants from in or around September 2016 until in or around January 2017.
72. Plaintiff JUAN GARCIA was paid by Defendants approximately $1,400.00 per week from in or around September 2016 until in or around January 2017.
73. Although Plaintiff JUAN GARCIA worked approximately 72 (seventy-two) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

74. Plaintiff, PEDRO HERNANDEZ, residing at 730 East 165 Street, Bronx, New York 10456, was employed by Defendants at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703 from in or around January 2014 until in or around September 2016.

75. Plaintiff PEDRO HERNANDEZ was employed by Defendants as a carpenter and laborer, while performing other miscellaneous tasks, from in or around January 2014 until in or around September 2016.

76. Plaintiff PEDRO HERNANDEZ worked approximately 72 (seventy-two) hours per week for Defendants from in or around January 2014 until in or around September 2016.

77. Plaintiff PEDRO HERNANDEZ was paid by Defendants approximately $1,000.00 per week from in or around January 2014 until in or around September 2016.

78. Although Plaintiff PEDRO HERNANDEZ worked approximately 72 (seventy-two) hours or more per week during the period of his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

79. Plaintiff, HENRY SOTO, residing at 90-07 77th Street, Woodhaven, New York 11377, was employed by Defendants at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703 from in or around December 2015 until in or around January 2017.

80. Plaintiff HENRY SOTO was employed by Defendants as a carpenter and laborer, while performing other miscellaneous tasks, from in or around December 2015 until in or around January 2017.

81. Plaintiff HENRY SOTO worked approximately 72 (seventy-two) hours or more per week for Defendants from in or around December 2015 until in or around January 2017.

82. Plaintiff HENRY SOTO was paid by Defendants approximately $1,000.00 per week from in or around 2011 until in or around September 2014.

83. Although Plaintiff HENRY SOTO worked approximately 72 (seventy-two) or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

84. Plaintiff, FAUSTO PRADO, residing at 830 169th Street, Bronx, New York 10459, was employed by Defendants at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703 from in or around August 2016 until in or around January 2017.

85. Plaintiff FAUSTO PRADO was employed by Defendants as a carpenter and laborer, while performing other miscellaneous tasks, from in or around August 2016 until in or around January 2017.

86. Plaintiff FAUSTO PRADO worked approximately 72 (seventy-two) hours or more per week for Defendants from in or around August 2016 until in or around January 2017.

87. Plaintiff FAUSTO PRADO was paid by Defendants approximately $1,200.00 per week from in or around August 2016 until in or around January 2017.

88. Although Plaintiff FAUSTO PRADO worked approximately 72 (seventy-two) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

89. Plaintiff, EUGENIO VALERIO, residing at 1791 Prospect Avenue, Bronx, New York 10457, was employed by Defendants at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703 from in or around September 2016 until in or around January 2017.

90. Plaintiff EUGENIO VALERIO was employed by Defendants as a carpenter and laborer, while performing other miscellaneous tasks, from in or around September 2016 until in or around January 2017.

91. Plaintiff EUGENIO VALERIO worked approximately 72 (seventy-two) hours or more per week for Defendants from in or around September 2016 until in or around January 2017.

92. Plaintiff EUGENIO VALERIO was paid by Defendants approximately $1,600.00 per week from in or around September 2016 until in or around January 2017.

93. Defendants failed to pay Plaintiff EUGENIO VALERIO the legally prescribed minimum wage for his hours worked from in or around September 2016 until in or around January 2017, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

94. Although Plaintiff EUGENIO VALERIO worked approximately 72 (seventy-two) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

95. Plaintiff, ALFONZO VALDIVIA, residing at 8747 129th Street, Jamaica, New York 11418 was employed by Defendants at HIGHBURY CONCRETE, INC., located at 53-19 46th Street, Maspeth, New York 11378, RG LABOR SERVICES, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703, and THE LAURA GROUP, INC., located at 1488 Deer Park Avenue, Suite 110, Deer Park, New York 11703 from in or around September 2014 until in or around January 2017.

96. Plaintiff ALFONZO VALDIVIA was employed by Defendants as a carpenter and laborer, while performing other miscellaneous tasks, from in or around September 2014 until in or around January 2017.

97. Plaintiff ALFONZO VALDIVIA worked approximately 72 (seventy-two) hours or more per week for Defendants from in or around September 2014 until in or around January 2017.

98. Plaintiff ALFONZO VALDIVIA was paid by Defendants approximately $1,400.00 per week from in or around September 2014 until in or around January 2017.

99. Defendants failed to pay Plaintiff ALFONZO VALDIVIA the legally prescribed minimum wage for his hours worked from in or around September 2014 until in or around January 2017, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.
100. Although Plaintiff ALFONZO VALDIVIA worked approximately 72 (seventy-two) hours or more per week during his employment for Defendants, Defendants did not pay Plaintiff time and a half (1.5) of his regular hourly wage for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
101. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
102. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
103. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

104. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:
105. Collective Class: All persons who are or have been employed by the Defendants as carpenters, concrete workers, or laborers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

106. Upon information and belief, Defendants employed in excess of 100 employees within the past three years subjected to similar payment structures.

107. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

108. Defendants' unlawful conduct has been widespread, repeated, and consistent.

109. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and that Plaintiffs were paid below the applicable minimum wage.

110. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

111. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and/or proper minimum wage in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

112. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

113. The claims of Plaintiffs are typical of the claims of the putative class.

114. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

115. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## **FIRST CAUSE OF ACTION**
### **Overtime Wages Under The Fair Labor Standards Act**

116. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

117. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

118. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

119. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

120. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

121. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

122. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

123. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

124. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

125. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

126. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

127. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

128. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

129. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

130. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

131. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

132. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Forest Hills, New York
This 26th day of May 2017.

By: _____
Roman Avshalumov (RA-5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

WILFREDO ZAMORA, JOSE ANTONIO DIAS, JUAN GARCIA, PEDRO HERNANDEZ, HENRY SOTO, FAUSTO PRADO, EUGENIO VALERIO, and ALFONZO VALDIVIA, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

HIGHBURY CONCRETE, INC., RG LABOR SERVICES, INC., THE LAURA GROUP, INC., and THOMAS GORMAN, RICHARD GORMAN, and LAURA PHILLIPS, as individuals,

Defendants.

_____

SUMMONS & COMPLAINT
_____

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

_____

**TO:**

**HIGHBURY CONCRETE, INC.**
**53-19 46th Street**
**Maspeth, New York 11378**

**RG LABOR SERVICES, INC.**
**1488 Deer Park Avenue, Suite 110**
**Deer Park, New York 11703**

**THE LAURA GROUP, INC.**
**1488 Deer Park Avenue, Suite 110**
**Deer Park, New York 11703**

THOMAS GORMAN
53-19 46th Street
Maspeth, New York 11378

RICHARD GORMAN
1488 Deer Park Avenue, Suite 110
Deer Park, New York 11703

LAURA PHILLIPS
1488 Deer Park Avenue, Suite 110
Deer Park, New York 11703